UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 04-33303-C-7 |
| SANDRA LOUISE EMANUEL, | Adversary No. 05-2236 |
| Debtor(s). | |
| JOHN R. ROBERTS, Trustee, | |
| Plaintiff(s), | |
| v. | |
| SANDRA LOUISE EMANUEL, | |
| Defendant(s). | |

FILED

MAR 3 0 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Trial in this adversary proceeding was held on March 30, 2006. The question is whether to deny discharge on the basis that the trustee was not provided with information that he requested regarding the disbursement of approximately $119,000 shortly before the filing of the bankruptcy case, which is the basis for denial of discharge under 11 U.S.C. § 727(a)(4)(D) if the withholding of information is both knowing and fraudulent.

## JURISDICTION

The court has jurisdiction pursuant to 28 U.S.C. § 1334(b). An objection to discharge is a core proceeding, which a bankruptcy judge may hear and determine. 28 U.S.C. § 157(b).

## FACTS

On October 5, 2004, Sandra Emanuel received $128,089.15 from the executor of the decedent's estate of her father Ralph Adrian Emanuel, Jr., pursuant to a will executed in the State of South Carolina. When she received the funds, Ms. Emanuel believed she was under an obligation to her father to use the funds for the benefit of her children and family. Between October 12 and 21, 2004, Ms. Emanuel withdrew a total of $119,000, which sums she used to pay certain debts, purchase approximately $4,300 in furniture for family members, repay expenses of her mother's funeral, purchase clothing for her children, and pay debts of her children. In addition, she transferred $30,0000 to her stepfather.

Ms. Emanuel contacted the Law Offices of Russell William Carlson and dealt with a person whose first name was "Michael". "Michael" took the information preliminarily to prepare a bankruptcy petition. She disclosed to "Michael" the existence of the inheritance and how she had used the funds. "Michael" told her not to include the transfers in her petition.

On November 10, 2004, Ms. Emanuel filed a chapter 7 voluntary petition and schedules and Statement of Financial Affairs, none of which papers revealed the existence of an inheritance or how it had been disbursed. On November 11, 2004,

Russell Carlson signed the petition. The bankruptcy case was filed on November 18, 2004. Ms. Emanuel met Mr. Carlson for the first time at the day of the first meeting of creditors. At the meeting of creditors, she truthfully disclosed the existence of the receipt of the inheritance.

The trustee requested information regarding the disbursement of the funds. The information was not obtained until the trustee had made numerous requests over a number of months. The trustee filed this adversary proceeding on June 22, 2005, citing as authority the withholding of information.

## CONCLUSIONS OF LAW

A discharge can be denied pursuant to 11 U.S.C. § 727(a)(4) if a debtor knowingly and fraudulently withholds information from the trustee. The information in question was ultimately provided to the trustee in what appears to have been several installments. The circumstances, however, are such that the court is not persuaded that the debtor intended to defraud the trustee in any respect. The trustee would not have known about the existence of the inheritance if debtor had not revealed it during the meeting of creditors. And, under the circumstances, the court is not persuaded as a matter of law or of fact that any withholding of information that is attributable to the circumstances were fraudulent. Accordingly, judgment will be entered in favor of the defendant.

An appropriate judgment will issue.

Dated:   March 30, 2006.

_____
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Sandra Louise Emanuel
9024 Amador Valley Ct
Sacramento, CA 95829

John R. Roberts
2744 Coloma St
Placerville, CA 95667

Dated: 3\31\04

_____
DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Office of the U.S. Trustee
501 I St., #7-500
Sacramento, CA 95814

DATED: 3/31/06           By: _____
                              Deputy Clerk

EDC 3-070 (New 4/21/00)